FILED
CLERK

2010 JUL 26  AM 11: 25

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X   Case No.

CLIVE ORMSBY and ALECIA GORDON, on behalf
of themselves individually and all others similarly
situated

                                        Plaintiffs,

                    -against-

GARY KAVULICH and KAVULICH AND
ASSOCIATES, P.C.,

                                        Defendants.
-------------------------------------------------------------------X

34.00

**CLASS ACTION**
**COMPLAINT**

**JOHNSON, J**

**J. ORENSTEIN, M.J.**

                Plaintiffs, by and through their attorneys, FAGENSON & PUGLISI, upon

knowledge as to themselves and their own acts, and as to all other matters upon

information and belief, bring this complaint against the above-named defendants and in

support thereof alleges the following:

                                        INTRODUCTION

        1.        This is an action for damages brought by an individual consumer

and on behalf of a class for defendants' violations of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in

abusive, deceptive and unfair acts and practices. This action is also brought pursuant to

New York General Business Law §349 ("NYGBL § 349") regarding defendants' deceptive

acts and practices. Plaintiffs have also asserted state law claims for defamation, intentional

                                            -1-

infliction of emotional distress, negligent infliction of emotional distress and abuse of process.

PARTIES

2.     Plaintiffs are natural persons who reside in this District and are consumers as defined by the FDCPA, §1692a(3).

3.     Upon information and belief, defendants are debt collectors, as defined pursuant to 15 U.S.C. §1692a(6). The first-named defendant, Gary Kavulich, is a principal in the second-named defendant law firm. Upon information and belief, second-named defendant is a professional corporation with its principal place of business in New York. Defendants regularly collect, by litigation and other means, consumer debts, particularly rent arrears, allegedly owed or due others.

JURISDICTION AND VENUE

4.     This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

ALLEGATIONS PARTICULAR TO PLAINTIFF CLIVE ORMSBY

AS AND FOR A FIRST CAUSE OF ACTION

5.     That plaintiff re-alleges paragraphs 1-4 as if fully re-stated herein.

6.     That on or about May 17, 2010, defendants sent a letter to plaintiff Clive Ormsby in an attempt to collect a consumer debt for rent allegedly owed to Rockhull Redevelopment Associates, LP (hereafter, "Rockhull"). Plaintiff received said letter. A copy of the letter is attached as **Exhibit "1"**.

-2-

7.      That said letter quotes a file number of 9580.0 and demands payment of the amount of $6,269.10.

8.      That plaintiff was surprised and confused to receive this letter.

9.      That plaintiff did know that the second named plaintiff, Alecia Gordon, was a tenant of Rockhull, but plaintiff Clive Ormsby is not, and has never been, a tenant of Rockhull.

10.     That on or about May 25, 2010, defendants, in an attempt to collect on the debt they claimed he owed to Rockhull, sent an income execution to plaintiff's employer, the New York City Police Department. A copy of same is attached as **Exhibit "2"**.

11.     That said income execution bears the caption of the Civil Court of the City of New York, County of Kings "Rockhull Redevelopment Associates, L.P. against Clive Ormsby" and cites Index No. 53770/09.

12.     That in the income execution the defendants claimed that a judgment had been obtained against plaintiff by Rockhull on February 2, 2009 in the Kings Civil Court in the amount of $5,825.10.

13.     That plaintiff was never named as a defendant or respondent (or in any other capacity) in any lawsuit brought by Rockhull, and certainly not in any lawsuit bearing Index No. 53770/09.

14.     That defendants also sent the income execution to the New York City Marshal and, based on the income execution, the Marshal did issue a notice of garnishment against plaintiff's wages.

-3-

15.     That plaintiff suffered great emotional and mental distress, fear, anxiety, sleeplessness and embarrassment upon learning that there was a judgment against him and that an income execution and garnishment notice seeking payment for a judgment debt he does not even owe had been sent to his employer.

16.     That defendants knew that plaintiff was never a respondent/defendant in any lawsuit brought by Rockhull because on or about May 25, 2010 defendants requisitioned and reviewed the file under Index No. 53770/09 at the Kings Civil Court.

17.     That the requisition slip shows that defendants made copies of the documents in the file. A copy of the requisition slip completed by defendants on May 25, 2010 is attached as **Exhibit "3"**.

18.     That defendants saw from the documents in the file, and knew, that plaintiff was never named as a respondent/defendant in the matter under Index No. 53770/09.

19.     That, in citing the plaintiff as a defendant in the Kings Civil Court matter on the income execution, defendants fabricated the caption of the income execution and fabricated an underlying Civil Court case against plaintiff.

20.     That defendants violated the FDCPA in seeking to collect on a non-existent judgment against plaintiff for a debt plaintiff has never owed.

21.     That defendants' conduct violated the FDCPA §§1692d and 1692d(1), as the natural consequence of defendants' conduct in sending a fabricated income execution to plaintiff's employer is to harass, oppress and abuse plaintiff.

22.     That defendants also violated the FDCPA §§1692e and 1692e(10) in that the income execution stating that a judgment debt exists against plaintiff is a false, deceptive and misleading representation or means used by defendants in connection with the collection of a debt.

23.     That in representing that a judgment debt exists against plaintiff defendants falsely represented the character or legal status of a debt and are in violation of the FDCPA, including but not limited to §1692e(2)(A).

24.     That defendants violated the FDCPA §1692e(4) by representing or implying that non-payment of the debt by plaintiff would result in the seizure, garnishment or attachment of his wages at a time when defendants had no legal authority to do so.

25.     That defendants violated the FDCPA §1692e(5) by threatening to take an action which cannot legally be taken, viz., threatening to garnish plaintiff's wages when they had no legal authority to do so.

26.     That defendants violated the FDCPA §1692e(9) by using or distributing the false income execution which they falsely represented to be a document authorized or approved by a Court and which created a false impression as to its authorization or approval.

27.     That defendants violated the FDCPA §1692e(13) by falsely representing or implying that the income execution was legal process when in fact it was entirely fabricated by defendants.

28.    That, further, defendants are in violation of the FDCPA, §§1692f and 1692f(6) by taking nonjudicial action to effect dispossession of plaintiff's income when there was no right to possession by defendants or anyone defendants represent because no legal action had even been commenced against plaintiff.

AS AND FOR A SECOND CAUSE OF ACTION

29.    That plaintiff re-alleges paragraphs 1-28 as if fully re-stated herein.

30.    That on or about June 8, 2010, defendants sent a second letter to plaintiff seeking payment of a consumer debt allegedly owed to Rockhull. Plaintiff received this letter. A copy of the letter is attached as **Exhibit "4"**.

31.    That the letter quotes file number 12434.08 and states that the amount owed is $444.10.

32.    That said amount of $444.10 is almost the exact difference between the amount stated to be owed in defendants' May 17, 2010 ($6,269.10) and the original amount of the alleged judgment ($5,825.10).

33.    That defendants' May 17, 2010 letter already included the additional amount of $444 in the total stated to be due of $6,269.10 under file number 9580.0.

34.    That defendants, in sending plaintiff the June 8, 2010 letter citing an entirely different file number from the file number cited in their May 17, 2010 letter, sought to give plaintiff the impression that he owes two different debts: one for $6,269.10 and the other for $444.10, when in fact he owed no debt at all.

-6-

35.    That defendants deceptively inflated the amount of the original debt allegedly owed by plaintiff, and are therefore in violation of the FDCPA, including but not limited to §§1692e and 1692e(2)(A).

## AS AND FOR A THIRD CAUSE OF ACTION

36.    That plaintiff re-alleges paragraphs 1-35 as if fully re-stated herein.

37.    That plaintiff owed Rockhull no monies whatsoever and had never been sued by Rockhull.

38.    That the aforesaid amount of $444.10 was entirely fabricated by defendants and ought not to have been added to the judgment amount against plaintiff, which defendant had also fabricated.

39.    That defendants are in violation of the FDCPA, §§1692e and 1692e(10) by their use of false, deceptive and misleading representations and means in connection with the collection of a debt.

40.    That defendants are in violation of the FDCPA, §§1692f and 1692f(1) by their use of unfair and unconscionable means to attempt to collect a debt.

## AS AND FOR A FOURTH CAUSE OF ACTION

41.    That plaintiff re-alleges paragraphs 1-40 as if fully re-stated herein.

42.    That on or about May 25, 2010 defendants issued an information subpoena with restraining notice and served same on Municipal Credit Union (MCU). A copy of same is attached as **Exhibit "5"**.

43.     That said information subpoena cites the caption in the Kings County Civil Court of "Rockhull Redevelopment Assocs., LP, Plaintiff (Judgment Creditor), against Alicia Gordon, Clive Ormsby, Defendant(s) (Judgment Debtor(s))" and cites an Index No. of 53770/09.

44.     That said information subpoena lists the complete social security number of both Alicia Gordon and Clive Ormsby in the caption under their respective names.

45.     That said information subpoena asserts that there is an action in the Kings Civil Court against plaintiffs and that a judgment in the amount of $5,825.10 was obtained against Clive Ormsby.

46.     That, as hereinbefore stated, no action was ever brought against Clive Ormsby by Rockhull and no judgment had ever been obtained by Rockhull against Clive Ormsby, and defendants knew this.

47.     That the information subpoena issued by defendants to MCU was therefore a false and deceptive document.

48.     That, in issuing the information subpoena defendants violated the FDCPA, including but not limited to §§1692d, 1692d(1), 1692e, 1692e(2)(A), 1692e(5), 1692e(9), 1692e(13), 1692f, 1692f(1) and 1692f(6).

## AS AND FOR A FIFTH CAUSE OF ACTION

49.    That plaintiff re-alleges paragraphs 1-48 as if fully re-stated herein.

50.    That the publication of plaintiff Clive Ormby's complete social security number in the said information subpoena to MCU when defendants knew that plaintiff was not even a party to the Kings Civil Court action was improper and violative of the FDCPA, including but not limited to §§1692d, 1692d(1), 1692e, 1692f, 1692f(1) and 1692f(6).

## AS AND FOR A SIXTH CAUSE OF ACTION

51.    That plaintiff re-alleges paragraphs 1-50 as if fully re-stated herein.

52.    That on or about May 25, 2010, defendants issued an information subpoena and restraining notice and served same on Bank of America (BOA). A copy of same is attached as **Exhibit "6"**.

53.    That said information subpoena cites the caption in the Kings County Civil Court of "Rockhull Redevelopment Assocs., LP, Plaintiff (Judgment Creditor), against Alicia Gordon, Clive Ormsby, Defendant(s) (Judgment Debtor(s))" and cites an Index No. of 53770/09.

54.    That said information subpoena lists the complete social security number of both Alicia Gordon and Clive Ormsby in the caption under their respective names.

55.    That said information subpoena asserts that there is an action in the Kings Civil Court against plaintiffs and that a judgment in the amount of $5,825.10 was obtained against Clive Ormsby.

56. That, as hereinbefore stated, no action was ever brought against Clive Ormsby by Rockhull and no judgment had ever been obtained by Rockhull against Clive Ormsby, and defendants knew this.

57. That the information subpoena issued by defendants to BOA was therefore a false and deceptive document.

58. That, in issuing the information subpoena defendants violated the FDCPA, including but not limited to §§1692d, 1692d(1), 1692e, 1692e(2)(A), 1692e(5), 1692e(9), 1692e(13), 1692f, 1692f(1) and 1692f(6).

## AS AND FOR A SEVENTH CAUSE OF ACTION

59. That plaintiff re-alleges paragraphs 1-58 as if fully re-stated herein.

60. That the publication of plaintiff Clive Ormby's complete social security number in the said information subpoena to BOA when defendants knew that plaintiff was not even a party to the Kings Civil Court action was improper and violative of the FDCPA, including but not limited to §§1692d, 1692d(1), 1692e, 1692f, 1692f(1) and 1692f(6).

## AS AND FOR AN EIGHTH CAUSE OF ACTION

61. That plaintiff re-alleges paragraphs 1-60 as if fully re-stated herein.

62. That each of the deceptive and misleading acts and practices above-mentioned was committed by defendants in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

63. That defendants' deceptive and misleading acts and practices were consumer-oriented, in that defendants are collectors of rent debts incurred principally or wholly by natural persons. On information and belief, defendants mail or cause to be

-10-

mailed to natural persons within New York State each year thousands of letters similar to the letters defendants sent to plaintiff.

64. That, further, defendants regularly attempt to collect rent debt from natural persons by litigation.

65. That, by reason of their actions in writing letters to plaintiff asserting the existence of a debt they knew plaintiff does not owe, in issuing and serving the income execution on the NYPD and New York City Marshal, as well as in issuing and serving the information subpoena and restraining notices to MCU and BOA, defendants violated the NYGBL §349 and is liable to plaintiff under NYGBL §349(h).

66. That plaintiff suffered harm by the actions of defendant, including distress and anxiety, sleeplessness and embarrassment.

### AS AND FOR A NINTH CAUSE OF ACTION

67. That plaintiff re-alleges paragraphs 1-66 as if fully re-stated herein.

68. That there was never any lawsuit brought against plaintiff in Kings Civil Court and defendants knew same.

69. That Rockhull never obtained a judgment against plaintiff and defendants knew same.

70. That, in issuing a false and entirely fabricated income execution to plaintiff's place of employment (NYPD) and to the New York City Marshal and in issuing false and entirely fabricated information subpoena with restraining notices to MCU and BOA, wherein defendants asserted that plaintiff owes $5,825.10 plus interest and had a court judgment against him, defendants defamed plaintiff to third parties.

71.     That by reason of defendants' defamatory actions, plaintiff suffered loss of reputation, distress, sleeplessness, anxiety in his financial affairs and embarrassment at his place of employment.

### ALLEGATIONS PARTICULAR TO PLAINTIFF ALECIA GORDON

72.     That plaintiff re-alleges paragraphs 1-71 as if fully re-stated herein.

73.     That in or about January 2009, Rockhull commenced a proceeding against plaintiff Alecia Gordon for arrears of rent she allegedly owed in the Kings County Civil Court under Index No. 53770/09.

74.     That the title of the proceeding is "Rockhull Redevelopment Assoc., LP, Petitioner, against Alicia Gordon, Respondent." A copy of the Petition is attached as **Exhibit "7"**.

75.     That the law firm of Rosenblum, Bianco & Ciurcina, LLP was the law firm which brought the proceeding on behalf of Rockhull.

76.     That plaintiff filed a pro se answer to the petition but, due to the fact that she had to take her four children to day care, plaintiff was late in arriving in Court on the return date.

77.     That, as a consequence, Rockhull obtained a default judgment against plaintiff in the amount of $5,825.10.

78.     That when she learned of the default judgment against her, plaintiff filed an order to show cause in the Kings County Civil Court, seeking to vacate the default judgment.

-12-

79.     That on the return date of the order to show cause, April 20, 2009, plaintiff appeared pro se and the parties executed a stipulation of settlement, in which the parties agreed that the arrears owed up to and including April 30, 2009 was $4,427.10.

80.     That thereafter, on or about May 25, 2010, defendants issued an income execution and served same on plaintiff's employer, NYC Department of Parks and Recreation. Defendants also sent same to the New York City Marshal.

81.     That said income execution claimed that there is a judgment debt against plaintiff in the amount of $5,825.10, plus interest.

82.     That the judgment amount of $5,825.10 was inaccurate because the parties had stipulated on April 20, 2009 that the amount owing was $4,427.10.

83.     That defendants knew the true amount of the debt because defendants had requisitioned the case file from the Kings County Clerk on or about May 25, 2010 and had made copies thereof.

84.     That on or about May 25, 2010 defendants also issued and served information subpoena and restraining notices on MCU and BOA alleging that plaintiff owes a judgment of $5,825.10, plus interest.

85.     That, on information and belief, both MCU and BOA assessed a non-refundable fee against plaintiff's bank accounts.

86.     That the amount assessed by MCU is $75.

87.     That BOA complied with the restraining notice served by defendants by restraining plaintiff's bank account with BOA.

88.     That plaintiff's bank account at BOA has been restrained since that time and remains so to date.

-13-

89. That plaintiff also received a letter from defendants dated June 8, 2010, stating that she owes Rockhull a debt of $444.10.

90. That plaintiff never incurred an additional debt to Rockhull in the amount of $444.10.

91. That defendants were never the attorneys of record in the Kings Civil Court action for Rockhull.

92. That defendants never filed a notice of appearance in said Kings Civil Court action and no consent to change attorneys or substitution of attorneys was ever filed in said matter appointing defendants as counsel for Rockhull.

## ALLEGATIONS PARTICULAR TO BOTH PLAINTIFFS

93. That in or about June 2010, plaintiffs sought legal advice and representation and obtained the services of Concetta Puglisi, Esq., of the law office of Fagenson & Puglisi. That plaintiffs paid a legal fee to Ms. Puglisi.

94. That on or about June 11, 2010, Ms. Puglisi sent a facsimile letter to defendant Gary Kavulich, informing him that plaintiff Ormsby does not owe any debt to Rockhull and that there was never any action against plaintiff Ormsby in the first place.

95. That on or about June 15, 2010 Ms. Puglisi also sent a facsimile letter to defendant Gary Kavulich informing him that due to defendant's restraint, plaintiff Gordon had at her disposal an amount of money below the legal minimum. Ms. Puglisi further pointed out to Gary Kavulich that there was no judgment against plaintiff Gordon for the amount of $5,825.10 and that the amount was in fact $4,427.10 pursuant to the April 2009 stipulation.

-14-

96.    That in both said letters Ms. Puglisi made offers of settlement and compromise of all the claims of the parties.

97.    That on or about June 23, 2010 and June 24, 2010, Ms. Puglisi also sent a letter to defendants disputing the alleged debts against plaintiffs.

98.    That, to date, defendants have not contacted Ms. Puglisi in any manner in an attempt to resolve the matter, save that, on information and belief, defendants did recall the income execution from the New York City Marshal regarding plaintiff Ormsby.

99.    That, on information and belief, plaintiff Gordon's BOA account remains restrained to date.

### AS AND FOR A TENTH CAUSE OF ACTION

Intentional Infliction of Emotional Distress

100.    That plaintiffs re-allege paragraphs 1-99 as if fully re-stated herein.

101.    That each of defendants' actions constitutes extreme and outrageous conduct in violation of normal standards of decency and were without justification.

102.    That defendants knew and should have known that such extreme and outrageous conduct would cause severe emotional distress in plaintiffs.

103.    That defendants actions did cause plaintiffs to suffer extreme emotional distress, humiliation, mental anguish and physical distress, for which plaintiffs are entitled to relief.

-15-

## AS AND FOR AN ELEVENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

104. That plaintiffs re-allege paragraphs 1-103 as if fully re-stated herein.

105. That each of defendants' actions constitutes extreme and outrageous conduct in violation of normal standards of decency and were without justification.

106. That each of defendants carelessly and negligently inflicted emotional distress on plaintiffs through by their reckless actions, performed without due care and attention for the rights of plaintiffs.

107. That defendants actions did cause plaintiffs to suffer extreme emotional distress, humiliation, mental anguish and physical distress, for which plaintiffs are entitled to relief.

## AS AND FOR A TWELFTH CAUSE OF ACTION

### Abuse of Process

108. That plaintiffs re-allege paragraphs 1-107 as if fully re-stated herein.

109. That, by their issuance and service of false and misleading income executions and information subpoena and restraining notices, defendants acted to do harm to plaintiffs without any legal justification.

110. That by their actions defendants used the legal system and their capacity of attorneys to obtain an illegitimate advantage over plaintiffs.

111. That, as officers of the Court, defendants abused the process of the Court.

-16-

112.    That plaintiffs were embarrassed at their places of employment, denied the use and enjoyment of their bank accounts and forced to incur bank and legal fees, causing them humiliation, anguish, confusion and sleeplessness.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION

113.    That plaintiffs re-allege paragraphs 1-112 as if fully re-stated herein.

114.    That the May 17, 2010 and June 8, 2010 letters sent to plaintiffs by defendants (a copy of which are attached as Exhibits "1" and "4") contain a purported validation notice which states in pertinent part:

"If you do notify us of a dispute, we will obtain verification of the debt and mail it to you."

That this statement violates the FDCPA, including but not limited to §1692g(a)(4), in that the said provision provides specifically that the statement to the consumer must state that the consumer's notification of a dispute must be *in writing*. A statement to the consumer that the consumer may notify the debt collector of a dispute, without specifically stating that the notification must be in writing in order to obtain verification, is insufficient under §1692g(a)(4) and violates said provision.

115.    That said language also violates the FDCPA §1692g(b) in that unless the consumer notifies the debt collector of the dispute in writing, the debt collector will not cease collection of the debt until the verification is provided to the consumer.

116.    That said language constitutes a false representation or a deceptive means to collect or attempt to collect a debt in violation of §1692e(10) in that the language could reasonably lead the least sophisticated consumer to believe, erroneously, that a verbal dispute of the debt will protect her rights in obtaining verification.

-17-

## CLASS ALLEGATIONS

117. That plaintiff re-alleges paragraphs 1-116 as if fully re-stated herein.

118. That this action is brought on behalf of plaintiffs and the members of a class. The class consists of all persons whom defendants' records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendants' letterhead in substantially the same form as the letters sent to the plaintiffs dated May 17, 2010 and June 8, 2010; (b) the collection letter was sent to a consumer seeking payment of an alleged consumer debt owed; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§1692g(a)(4),1692g(b) and 1692e(10) regarding the validation notice. The class does not include defendants and any person, firm, trust, corporation or other entity related to or affiliated with defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of any of defendants.

119. That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received debt collection notices from the defendants which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual

class members. The principal question presented by this claim is whether defendants violated the FDCPA by sending collection letters with an improper validation notice, in violation of 15 U.S.C. §§1692g(a)(4),1692g(b) and 1692e(10).

(C)   The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendants.

(D)   The claims of the plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

(E)   The plaintiffs will fairly and adequately represent the class members' interests. The plaintiffs have retained experienced counsel. The plaintiffs' interests are consistent with those of the members of the class.

120.   That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

121.   That if the facts are discovered to be appropriate, the plaintiffs will seek to certify a class action pursuant to rule 23(b)(3) of the Federal Rules of Civil Procedure.

122.   That communications from debt collectors, such as those sent by the defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

123.   That as a result of the above violations, defendants are liable to plaintiffs and the members of the class for statutory damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiffs respectfully pray that judgment be entered against the defendants as follows:

(a)   statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(b)   statutory damages pursuant to NYGBL §349(h) in an amount to be determined at the time of trial;

(c)   actual pecuniary and non-pecuniary damages for defamation in an amount to be determined at the time of trial;

(d)   actual pecuniary and non-pecuniary damages for intentional infliction of emotional distress in an amount to be determined at the time of trial;

(e)     actual pecuniary and non-pecuniary damages for negligent infliction of emotional distress in an amount to be determined at the time of trial;

(f)     actual pecuniary and non-pecuniary damages for abuse of process in an amount to be determined at the time of trial;

(g)     awarding class members the maximum statutory damages pursuant to 15 U.S.C. §1692k;

(h)     reasonable attorney's fees, costs and disbursements pursuant to 15 U.S.C. § 1692k and NYGBL § 349(h); and

(i)     for such other and further relief as may be just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
      July 23, 2010.

NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com

**EXHIBIT "1"**

**Kavulich & Associates, P.C.**
**30 Church Street**
**Suite 26**
**New Rochelle, NY 10801**
**Phone: (914) 355-2074 Fax: (914) 355-2078**

May 17, 2010

Clive Ormsby
████████████████

Brooklyn, NY ████████

     Re: Rockhull Redevelopment Assocs., LP
       Clive Ormsby
       147 Rockaway Avenue, Apt. 4A
       File No.: 9580.0

Dear Clive Ormsby :

   We are the attorneys for the above-named creditor. Our client has consulted us with reference to your indebtedness in the amount of $6,269.10 and has requested that we proceed with legal action against you. However, we are writing to allow you a final opportunity to arrange to pay without the necessity of costly legal action.

Unless you notify us within thirty (30) days after receipt of this letter that the validity of the debt, or any portion of it, is disputed, we will assume that the debt is valid. If you do notify us of a dispute, we will obtain verification of the debt and mail it to you. Also, upon your written request, within thirty (30) days, we will provide you with the name and address of the original creditor if different from the current creditor.

Kindly forward all remittances to us, payable to the law firm of Kavulich & Associates, P.C. at 30 Church Street, Suite 26, New Rochelle, NY 10801.

Very Truly Yours,

Gary Kavulich, Esq.

**This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.**

**EXHIBIT "2"**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| Court Index No. | 53770/09 |
| File No. | 9580.0 |

Rockhull Redevelopment Assocs., LP,

Plaintiff.

Against

Clive Ormsby,

Defendant(s).

## INCOME EXECUTION

# The People of the State of New York

The following judgment was duly entered in favor of the plaintiff (judgment creditor) in the office of the clerk of the within court:

| Court of Original Entry | Entry Date | Original Amount | Amount Due | Plus Interest From |
|---|---|---|---|---|
| CIVIL COURT OF THE CITY OF NEW YORK COUNTY OF KINGS | 2/2/2009 12:00:00 AM | $5,825.10 | $5,825.10 | 2/2/2009 12:00:00 AM |

The judgment was recovered against    Clive Ormsby
And transcripted with the county clerk(s) of    Kings          defendant (judgment debtor)

WHEREAS, this execution is issued against    Clive Ormsby     defendant (judgment debtor)
Whose last known address is:
     Brooklyn, NY ▮▮▮▮▮
and said defendant (judgment debtor) is receiving or will receive from the Employer* whose name and address is :
     NYPD

| More than $ | per week, to wit $ | | to be paid weekly installment of $ | each: |
|---|---|---|---|---|
| Title or position | | Soc. Sec. and/ pension No. | Bureau, Office or Subdivision | Badge |
| No | | | | |

You are directed to satisfy the judgment with interest together with your fees' and expense, out of all monies now and hereafter due owing to the judgment debtor from the Employer pursuant to CPLR % 5231 d 15 U.S.C 1671, et. Seq.

**Direction to Judgment Debtor:** You are notified and commanded within 20 days to start paying to the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10(but no more than the Federal limits set forth in I. Limitations on the amount that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation received or hereafter to be received from your Employer and to continue paying such installments until the judgment with interest and the fees and expenses of this Income execution are fully paid and satisfied, and if you fail to do so this Income Execution will be served upon the Employer by the Enforcement Officer.

**Direction to the Employer:** You are commanded to withhold and pay over to the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10% (but no more than the Federal limits set fourth in I. Limitations on the amount that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation now or hereafter becoming due to judgment debtor until the judgment with interest and fees and expenses of this Income Execution are fully paid and satisfied.

Dated
5/25/2010

Gary Kavulich Esq.
Kavulich & Associates, P.C.
30 Church St. Suite 26
New Rochelle, NY 10801
(914) 355-2074

- "Employer, " herein, includes any payor of money to Judgment Debtor.

## Important Statement

This income execution directs the withholding of up to 10 percent of the judgment debtor's gross income. In certain cases, however, state or federal law does not permit the withholding of that much of the judgment debtor's gross income. The judgment debtor is referred to New York Civil Practice Law and Rules % 5231 and 15 United State Code % 1671 et seq.

I.    **Limitation on the amount that can be withheld**
     A.   An income execution for installments from a judgment debtor's gross income cannot exceed ten percent (10%) of the judgment debtor's gross income.
     B.   If a judgment debtor' weekly disposable earnings are less than thirty (30) times the current federal minimum wage ($5.85    per hour), or $175.5*      No deduction can be made from the judgment debtor's earnings under this income execution.

# EXHIBIT "3"

CIV-GP-78 (Replaces 43-1006A)

PLEASE PRINT

Index No. 53770 ............ Year 09

# Civil Court of the City
# of New York

County of *Kings* ............

## NOTICE

**Filed papers may not be taken from this office and must be returned to the requisition counter.**

PENAL LAW, Sections 175.20 and 175.25 provide a penalty of imprisonment or fine for unlawful removal or alteration of a public record.

*Rockhull Redevelopment*

—against—

*Alicia Gordon*

## REQUISITION

SEND TO: *Tim Clancy*      (AN)

*919-355-2078*

FOR:
*Copies, Kavulich & Associates*
*30 Church Street, Suite 26*

Name *New Rochelle, NY 10801*

Address _____

Date *5/25/10*

**EXHIBIT "4"**

30 Church Street
Suite 26
New Rochelle, NY  10801
Phone: (914) 355-2074 Fax: (914) 355-2078

June 8, 2010

Clive Ormsby
████████████████████

Brooklyn, NY  ███████████

Re:   Rockhull Redevelopment Assocs., LP
      Clive Ormsby
      147 Rockaway Avenue, Apt. 4A
      File No.: 12434.0

Dear Clive Ormsby :

      We are the attorneys for the above-named creditor. Our client has consulted
us with reference to your indebtedness in the amount of  $444.10 and has requested that
we proceed with legal action against you.  However, we are writing to allow you a final
opportunity to arrange to pay without the necessity of costly legal action.

Unless you notify us within thirty (30) days after receipt of this letter that the validity of
the debt, or any portion of it, is disputed, we will assume that the debt is valid.  If you do
notify us of a dispute, we will obtain verification of the debt and mail it to you.  Also,
upon your written request, within thirty (30) days, we will provide you with the name and
address of the original creditor if different from the current creditor.

Kindly forward all remittances to us, payable to the law firm of Kavulich & Associates,
P.C. at 30 Church Street, Suite 26, New Rochelle, NY  10801.

Very Truly Yours,

Gary Kavulich, Esq.

**This is an attempt to collect a debt. Any information obtained will be used for that
purpose.  This communication is from a debt collector.**

ATTN: ATTORNEY PUGLISI

# EXHIBIT "5"

CIVIL COURT OF THE CITY OF NEW YORK
County of Kings
----------------------------------------------------------------X

Rockhull Redevelopment Assocs., LP,

                    Plaintiff (Judgment Creditor),

      -against-

Alicia Gordon, Clive Ormsby,
████████         ████████
             Defendant(s) (Judgment Debtor(s)).
----------------------------------------------------------------X

INFORMATION
SUBPOENA WITH
RESTRAINING NOTICE

File No. 9580.0
Index No. 53770/09

THE PEOPLE OF THE STATE OF NEW YORK

To:  MUNICIPAL CREDIT UNION

      22 CORTLANDT ST, 27TH FL
      NEW YORK, NY 10007
Account Holds and Levies

          RE:    Rockhull Redevelopment Assocs., LP  v  Alicia Gordon, Clive Ormsby
      WHEREAS, there is an action in the above entitled Court, between the above named Plaintiff and Defendant who are all the parties named in said action, and a Judgment, which was entered on **2/2/2009 12:00:00 AM** in favor of the Plaintiff, Rockhull Redevelopment Assocs., LP against the Defendant Alicia Gordon, Clive Ormsby, in the total amount of **$5,825.10** of which **$5,825.10**, together with interest thereon from the date of entry of Judgment remains due and unpaid.

      WHEREAS, it appears that you may be in possession or custody of property which Judgment Debtor has an interest.

      NOW THEREFORE, YOU ARE HEREBY COMMANDED, to furnish to the undersigned, in writing under oath, separate, complete and full answers to each written question on the questionnaire accompanying this Subpoena, and each answer referring to the questions to which it responds must be clearly notes; YOU MUST RETURN THE ANSWERS TOGETHER WITH THE ORIGINAL QUESTIONNAIRE WITHIN SEVEN (7) DAYS, after your receipt of this Subpoena.
                              **RESTRAINING NOTICE**
      PLEASE TAKE NOTICE, that pursuant to subdivision (b) of Section 5222 of the CPLR which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, interference with any property in which you have an interest, except as therein provided And  that this notice also covers all property in which the Judgment Debtor has an interest hereinafter coming into your possession or custody, and all debts hereafter coming due from you to the Judgment Debtor.
                        **CIVIL PRACTICE LAW AND RULES**
Section 5222(b) Effect of restrain, prohibition of transfer, duration. A judgment debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff or pursuant to an order of the Court, until the Judgment is satisfied or vacated. A restraining notice served upon a person other than the Judgment Debtor is effective only if, at the time of service, he owes a debt to the Judgment Debtor or he is in possession or custody of property in which he knows or has reason to believe the Judgment Debtor has an interest, or if the judgment credit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or that the judgment debtor has an interest in specified property in the possession or custody of the person served, all property in which the judgment debtor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor, shall be subject to the notice, such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interest with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff of pursuant to an order of the Court, until the expiration of one year after the notice is served upon him or until the judgment is satisfied or vacated, whichever event first occurs. A judgment creditor who has a specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor, for any damages sustained by reason of the restrain. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor in an amount equal to twice the amount due on the judgment, the restraining notice is not effective as to other property or money.

Funds Defined as "exempt" or otherwise excluded under applicable law must not be restrained under this notice. If you have any questions regarding such funds, refer to the attached information subpoena, or contact your attorney or the undersigned.

**PLEASE TAKE FURTHER NOTICE that false swearing or failure to comply with this Subpoena and Restraining Notice is punishable as a Contempt of Court.**

Date:        5/25/2010

       RESPONSE IS ONLY REQUIRED IF JUDGEMENT DEBTOR(S)
       HAS EVER HAD A RELATIONSHIP WITH YOUR INSTITUTION

      Gary Kavulich Esq.
Kavulich & Associates, P.C.
30 Church St. Suite 26
New Rochelle, NY 10801
    (914) 355-2074

**DO NOT RESTRAIN IF ONLY EXEMPT
MONIES IN ANY DEPOSITORY ACCOUNT**

**EXHIBIT "6"**

```
--------------------------------------------------------------X
```

Rockhull Redevelopment Assocs., LP,                           INFORMATION
                                                              SUBPOENA WITH
          Plaintiff (Judgment Creditor),               RESTRAINING NOTICE

    -against-

                                           File No. 9580.0
Alicia Gordon, Clive Ormsby,                                  Index No. 53770/09
  ▆▆▆▆▆▆▆▆▆▆      ▆▆▆▆▆▆▆▆▆▆
                    Defendant(s) (Judgment Debtor(s)).

```
--------------------------------------------------------------X
```

                 THE PEOPLE OF THE STATE OF NEW YORK

To:   BANK OF AMERICA
      5701 HORATIO ST, COURT ORDER PROCESS
      UTICA, NY 13502
Account Holds and Levies  .
             RE:   Rockhull Redevelopment Assocs., LP   v   Alicia Gordon, Clive Ormsby
        WHEREAS, there is an action in the above entitled Court, between the above named Plaintiff and Defendant who are all the parties named in said action, and a Judgment, which was entered on **2/2/2009 12:00:00 AM** in favor of the Plaintiff, Rockhull Redevelopment Assocs., LP against the Defendant Alicia Gordon, Clive Ormsby, in the total amount of **$5,825.10** of which **$5,825.10**, together with interest thereon from the date of entry of Judgment remains due and unpaid.

        WHEREAS, it appears that you may be in possession or custody of property which Judgment Debtor has an interest.

        NOW THEREFORE, YOU ARE HEREBY COMMANDED, to furnish to the undersigned, in writing under oath, separate, complete and full answers to each written question on the questionnaire accompanying this Subpoena, and each answer referring to the questions to which it responds must be clearly notes; YOU MUST RETURN THE ANSWERS TOGETHER WITH THE ORIGINAL QUESTIONNAIRE WITHIN SEVEN (7) DAYS, after your receipt of this Subpoena.

                                 **RESTRAINING NOTICE**
        PLEASE TAKE NOTICE, that pursuant to subdivision (b) of Section 5222 of the CPLR which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, interference with any property in which you have an interest, except as therein provided And that this notice also covers all property in which the Judgment Debtor has an interest hereinafter coming into your possession or custody, and all debts hereafter coming due from you to the Judgment Debtor.

                           **CIVIL PRACTICE LAW AND RULES**
Section 5222(b) Effect of restrain, prohibition of transfer, duration. A judgment debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff or pursuant to an order of the Court, until the Judgment is satisfied or vacated. A restraining notice served upon a person other than the Judgment Debtor is effective only if, at the time of service, he owes a debt to the Judgment Debtor or he is in possession or custody of property in which he knows or has reason to believe the Judgment Debtor has an interest, or if the judgment credit has stated in the notice that a specified debt is owned by the person served to the judgment debtor or that the judgment debtor has an interest in specified property in the possession or custody of the person served, all property in which the judgment debtor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor, shall be subject to the notice, such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interest with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff of pursuant to an order of the Court, until the expiration of one year after the notice is served upon him or until the judgment is satisfied or vacated, whichever event first occurs. A judgment creditor who has a specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor, for any damages sustained by reason of the restrain. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor in an amount equal to twice the amount due on the judgment, the restraining notice is not effective as to other property or money.

Funds Defined as "exempt" or otherwise excluded under applicable law must not be restrained under this notice. If you have any questions regarding such funds, refer to the attached information subpoena, or contact your attorney or the undersigned.

**PLEASE TAKE FURTHER NOTICE** that false swearing or failure to comply with this Subpoena and Restraining Notice is punishable as a Contempt of Court.

Date:     5/25/2010                   .    RESPONSE IS ONLY REQUIRED IF JUDGEMENT DEBTOR(S)
                                            HAS EVER HAD A RELATIONSHIP WITH YOUR INSTITUTION

     Gary Kavulich Esq.
Kavulich & Associates, P.C.
30 Church St. Suite 26                         **DO NOT RESTRAIN IF ONLY EXEMPT**
New Rochelle, NY 10801                    **MONIES IN ANY DEPOSITORY ACCOUNT**
(914) 355-2074

# EXHIBIT "7"

## Civil Court of the City of New York
## County of KINGS
## Housing Part

| | |
|---|---|
| Index No. | 09K053770 |

**ROCKHULL REDEVELOPMENT ASSOC., L.P.**

Landlord     Tenant

against

**ALICIA GORDON**
**ROCKAWAY AVENUE 4A**
**BROOKLYN, NY 11233**

Undertenant

Amount Claimed $    **5,975.10**

**NOTICE OF PETITION**
**NON-PAYMENT**

,DWELLING

Attorney for Petitioner

ROSENBLUM, BIANCO & CIURCINA, L.L.P.
100 MERRICK ROAD, SUITE 306E
ROCKVILLE CENTRE, NY 11570
(516) 255-1800

---

## Civil Court of the City of New York
## County of KINGS

## Housing Part

INDEX NO

**ROCKHULL REDEVELOPMENT ASSOC., L.P.**

Petitioner

against

**ALICIA GORDON**
**147 ROCKAWAY AVENUE 4A**
**BROOKLYN, NY 11233**

Respondent (Tenant)

Respondent (Undertenant)

*NOTICE OF PETITION*
*Non-Payment*

**DWELLING**

First name of Tenant and/or Undertenant being fictitious and unknown to petitioner,
*Person intended being in possession of the premises herein described.*

To the respondent(s) above named and described, in possession of the premises hereinafter
described or claiming possession thereof:

PLEASE TAKE NOTICE that the annexed petition of
**ROCKHULL REDEVELOPMENT ASSOC., L.P.**    verified    01/16/09
prays for a final judgment of eviction, awarding to the petitioner possession of premises described as follows,

All Rooms    Apt   **4A**    in the City of New York
County of **KINGS**    in premises located at    **147 ROCKAWAY AVENUE**

TAKE NOTICE also that demand is made in the petition for judgment against you for the sum of
plus the costs and disbursements of this proceeding.    **$ 5,975.10**

TAKE NOTICE also that WITHIN FIVE DAYS after service of this Notice of Petition upon you, you must answer,
either orally before the Clerk of this Court at
County of **KINGS**    City and State of New York, or in writing by serving a copy thereof
upon the attorneys for the petitioner, and by filing the original of such answer, with proof of service thereof, in the
Office of the Clerk. Your answer may set forth any defense or counterclaim you may have against the petitioner unless
such defense or counterclaim is precluded by law or prior agreement of the parties. On receipt of your answer, the Clerk
will fix and give notice of the date for trial or hearing, which will be held not less than 3 nor more than 8 days thereafter,
at which you must appear. If, after the trial or hearing, judgment is rendered against you, the issuance of a warrant
dispossessing you may, in the discretion of the Court, be stayed for FIVE days from the date of such judgment.

TAKE NOTICE also that if you fail to interpose and establish any defense that you may have to the allegations of
the petition, you may be precluded from asserting such defense or the claim on which it is based in any other
proceeding or action.

TAKE NOTICE that under Section 745 of the Real Property Actions and Proceedings Law, you may be required
by the Court to make a rent deposit, or a rent payment to the petitioner, upon your second request for an adjournment
or if the proceeding is not settled or a final determination has not been made by the Court within 30 days of the
first court appearance. Failure to comply with an initial rent deposit or payment order may result in the entry
of a final judgment against you without a trial. Failure to make subsequent required deposits or payments
may result in an immediate trial on the issues raised in your answer.

In the event you fail to answer and appear, final judgment by default will be entered against you but a warrant
dispossessing you will not be issued until the tenth day following the date of the service of this Notice of Petition upon you

**Jack Baer**
Clerk of the Civil Court of the City of New York

**IMPORTANT** - If you are dependent upon a person in the military service of the United States or the
State of New York, advise the Clerk immediately, in order to protect your rights.
**TO TENANT**